# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KEITH MANNING SHORT,<br><br>　　　　Petitioner,<br><br>　v.<br><br>DIRECTOR, N.D.O.C., et al.<br><br>　　　　Respondents. | Case No. 2:21-cv-01381-RFB-VCF<br><br>**ORDER** |

This is a habeas corpus action under 28 U.S.C. § 2254. The court has reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Short will need to show cause why the court should not dismiss the action because he has not exhausted his state-court remedies for any of his grounds for relief.

After a jury trial, Short was convicted of one count of residential burglary, one count of attempted grand larceny, and one count of burglary. Short appealed. The court takes judicial notice of the opening brief that Short filed in that appeal. <u>Short v. State</u>, Case No. 80471.[1] Short raised the following issues:

1. The <u>Miranda [v. Arizona</u>, 384 U.S. 436 (1966)] warning given by responding law enforcement officers was insufficient in this case, indicating that any statements by Mr. Short were involuntary, and should have been suppressed.

2. The "show up" procedure used for Ms. O'Connell to identify Mr. Short was unnecessarily suggestive, such that admission of her pretrial and subsequent in-court identification of Mr. Short violated his due process rights.

---

[1] http://caseinfo.nvsupremecourt.us/document/view.do?csNameID=57940&csIID=57940&deLinkID=767192&onBaseDocumentNumber=20-15401 (accessed October 8, 2021).

The Nevada Supreme Court rejected those arguments and affirmed the judgment of conviction. Short v. State, 476 P.3d 437, 2020 WL 6743131 (Nev. Nov. 13, 2020) (unpublished table decision). Short has not pursued a post-conviction habeas corpus petition in the state courts.

Short commenced this action using a form for a habeas corpus petition under 28 U.S.C. § 2241. Nonetheless, because he is in custody pursuant to a state-court judgment of conviction, 28 U.S.C. § 2254 controls. Short raises the following grounds for relief:

1. Short was charged multiple times for the same offense, burglary, with a separate charge of a lesser-included offense, attempted grand larceny.

2. The prosecution published to the jury images that were re-enactments of the crime scene, not images made on the date of the crime itself. Also, Short argues that he received ineffective assistance of counsel because counsel did not provide Short with exculpatory evidence.

3. No larceny was prosecuted for the two counts of burglary.

4. The trial court did not instruct the jury properly on the elements of burglary.

5. In open court, the trial judge displayed bias when he said that Short was obviously guilty on at least one of the charges.

6. Prison officials are displaying deliberate indifference to Short's medical needs.

Two problems are apparent from the claims that Short raises in this court. First, ground 6, the deliberate-indifference claim relates to the conditions of Short's confinement, not the validity of that confinement. Success on that claim would not lead to a release from confinement, an earlier release from confinement, or a change in the level of confinement. The claim is outside the core of habeas corpus and thus is not addressable in federal habeas corpus. See Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc). Short needs to raise this claim in a separate civil-rights action pursuant to 42 U.S.C. § 1983.

Second, Short does not appear to have exhausted any of his grounds for relief. Before this court may consider a petition for a writ of habeas corpus, Short must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, Short must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365

(1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982). The court sets aside ground 6 because it is not addressable in this action for the reasons given above. The court has compared the claims that Short raised on direct appeal with the claims that Short has raised in this court. Short has not presented any of the operative facts or legal theories of his current claims to the state courts. Consequently, it appears that the court may not consider any of his grounds for relief. The court will give Short the opportunity to show cause why the court should not dismiss this action for his failure to exhaust his state-court remedies.

IT THEREFORE IS ORDERED that the clerk of the court file the petition for a writ of habeas corpus.

IT FURTHER IS ORDERED that petitioner will have 30 days from the date of entry of this order to show cause why the court should not dismiss this action for his failure to exhaust his state-court remedies. Failure to comply with this order will result in the dismissal of this action.

IT FURTHER IS ORDERED that that the clerk add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

IT FURTHER IS ORDERED that the clerk provide copies of this order and all prior filings to the Attorney General in a manner consistent with the clerk's current practice, such as regeneration of notices of electronic filing.

IT FURTHER IS ORDERED that respondents need not respond to the petition until further order of the court.

DATED: November 18, 2021

_____
RICHARD F. BOULWARE, II
United States District Judge