1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **DISTRICT OF NEVADA**

10

11 KEITH MANNING SHORT,                    Case No. 2:21-cv-01381-RFB-VCF

12              Petitioner,                **ORDER**

13     v.

14 DIRECTOR, N.D.O.C., et al.

15              Respondents.

16

17        This is a habeas corpus matter under 28 U.S.C. § 2254. The Court directed petitioner Keith

18 Short to show cause why the Court should not dismiss this action for his failure to exhaust his state

19 court remedies for all of his grounds for relief. ECF No. 7. Short has filed a response. ECF No. 9.

20 Short's arguments do not persuade the Court, and the Court dismisses this action.

21        Short commenced this action with a petition that raised six grounds for relief. Ground 6 is

22 a claim of deliberate indifference to Short's medical needs. Success on this claim would not result

23 in a release from confinement, and earlier release from confinement, or a change in the level of

24 confinement. The Court determined that ground 6 was outside the core of habeas corpus and that

25 Short needed to raise the claim in a separate civil-rights action. ECF No. 7 at 2 (citing <u>Nettles v.</u>

26 <u>Grounds</u>, 830 F.3d 922 (9th Cir. 2016) (en banc)). The Court compared the other five grounds of

27 the petition with the issues that Short raised on direct appeal. The Court determined that the grounds

28 Short raises now share neither the same legal theories nor the same operative facts as the issues that

1

1  Short raised on direct appeal. ECF No. 7 at 1-3. The Court thus directed Short to show cause why

2  the Court should not dismiss the action for his failure to exhaust his state-court remedies. ECF No.

3  7 at 2-3 (citing 28 U.S.C. § 2254(b)).

4      Short first argues that the Nevada Supreme Court exhausted his state court remedies upon

5  issuance of the order of affirmance on direct appeal. ECF No. 9 at 2. See also Short v. State, 476

6  P.3d 437, 2020 WL 6743131 (Nev. Nov. 13, 2020) (unpublished table decision). Short is incorrect.

7  He exhausted his state court remedies for only the issues that he presented on direct appeal. The

8  five addressable grounds[1] in his habeas corpus petition have nothing in common with the issues

9  that he raised on direct appeal. To exhaust state court remedies for a claim, Short must fairly present

10  that claim to the state's highest court, describing the operative facts and legal theory, and give that

11  court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365

12  (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982). A decision on the issues that Short

13  presented on direct appeal is not a global decision on all issues that Short wants to raise. The Nevada

14  Supreme Court's decision on direct appeal did not exhaust the grounds that he presents now.

15      Short next argues that the following statement by the Nevada Supreme Court "preserved"

16  his remedies in post-conviction proceedings beyond the state courts:  "He (Mr. Short) testified that

17  he entered the residence, removed property, and put the property into the victim's vehicle, but

18  claimed he did not intend to permanently deprive the victims of their property when he did so."

19  ECF No. 9 at 2.

20      If, by "preserved," Short means that the Nevada Supreme Court's statement allowed him to

21  raise other claims in post-conviction proceedings, then Short is neither correct nor incorrect.  Short

22  may raise his other claims, but he must raise them first in the state courts. 28 U.S.C. § 2254(b).

23      If, by "preserved," Short means that the Nevada Supreme Court's statement exhausted all

24  of his state-court remedies, then Short is incorrect. The Nevada Supreme Court made that statement

25  in the context of addressing Short's argument that a show-up identification of Short by one of the

26  victims, E.O., was unreliable. The Nevada Supreme Court first held that the show-up identification

27

28

[1] The Court omits from this analysis ground 6, the conditions-of-confinement claim, because it is not addressable in federal habeas corpus.

was reliable. <u>Short</u>, 2020 WL 6743131 at *2. The Nevada Supreme Court then held in the alternative that any error in E.O.'s identification of Short was harmless:

> Here, M.B. [the other victim] had more extensive contact with Short and positively identified him before and during trial.  Further, Short did not present an identity defense.   He testified that he entered the residence, removed property, and put the property into the victims' vehicle, but claimed he did not intend to permanently deprive the victims of their property when he did so.  Thus, we are convinced beyond a reasonable doubt that E.O.'s pretrial identification of Short did not affect the jury's verdict.

<u>Id.</u> The Nevada Supreme Court made that statement only in the context of a harmless-error analysis for Short's claim that E.O.'s show-up identification was unreliable. Short takes the statement out of context if he believes that the statement amounts to presentation of all his facts and all of his legal theories to the state courts. The Nevada Supreme Court's statement did not exhaust any of the claims that Short now presents in his § 2254 petition.

The Court finds that Short's petition is fully unexhausted, and the Court dismisses this action. The dismissal will be without prejudice, but the Court makes no statements whether a new habeas corpus action would be subject to procedural defenses. Reasonable jurists would not find the Court's determinations to be debatable or wrong, and the Court will not issue a certificate of appealability.

IT THEREFORE IS ORDERED that this action is **DISMISSED** without prejudice for petitioner's failure to exhaust his available state-court remedies.  The Clerk of the Court is directed to enter judgment accordingly and to close this action.

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

DATED: April 6, 2022

_____
RICHARD F. BOULWARE, II
United States District Judge

3