UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEITH MANNING SHORT, | Case No. 2:21-cv-01381-RFB-EJY |
| Petitioner, | **ORDER** |
| v. | |
| AARON FORD, | |
| Respondent. | |

This closed habeas matter is before the Court on Petitioner Keith Manning Short's Motion to Reopen this Case ("Motion") and Complaint and Request for Injunction under 28 U.S.C. § 1331 ("Complaint"). Respondents opposed the motion. Short did not file a reply, and his time to do so has now expired. For the reasons discussed below, the Court denies the Motion and dismisses the Complaint without prejudice.

I.   **Procedural History**[1]

On December 19, 2019, the state court entered a Judgment of Conviction, convicting Short of two counts of burglary and one count of attempted grand larceny. State v. Keith Manning Short, CR19-0779. Short was sentenced to an aggregate term of 3 years and 8 months to 15 years. Short appealed, and the Nevada Supreme Court affirmed on November 13, 2020.

Short filed a federal habeas petition ("Petition") in this action on July 23, 2021. The Court

---

[1] The Court takes judicial notice of the online docket records of the Second Judicial District Court and Nevada appellate courts: https://www.washoecourts.com/Query/DetailedCaseSearch and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

1  instructed Short to show cause why this action should not be dismissed based on his failure to
2  exhaust his state court remedies. Short filed a response. Finding Short's response unavailing, the
3  Court dismissed the Petition without prejudice on April 6, 2022, stating that it "makes no
4  statements whether a new habeas corpus action would be subject to procedural defenses."
5  Judgment was entered.

6  Short filed a state habeas petition on July 21, 2022. The state court denied Short post-
7  conviction relief on December 16, 2022. Short appealed, and the Nevada Court of Appeals
8  affirmed on June 13, 2023, finding that Short's state habeas petition was untimely.

9  Short now moves to reopen this matter and reinstate his federal habeas petition. Short is
10  currently on parole.

**II.    Discussion**

Because the Court informed Short that he would need to file a new habeas corpus action following the exhaustion of his state court remedies (rather than staying this matter pending the completion of Short's state court remedies), Short should have filed a new petition in a new case rather than seeking to reopen this matter. Further, this Court has already dismissed the Petition without prejudice as wholly unexhausted, and the Court finds no reason to reconsider that determination from over three years ago. See Fed. R. Civ. Pro. 60(b). As such, given that there is no petition currently pending, there is no basis to reopen this matter. Indeed, rather than filing an amended petition in conjunction with his Motion, Short filed a Complaint, seeking "compensatory damages of two million dollars and one million one hundred thousand dollars of punitive damages." Short may not file such a Complaint in this closed habeas matter. Given these circumstances, the Court (1) denies the Motion and (2) dismisses the Complaint without prejudice to its filing in a **new non-habeas action**. If Short wishes to pursue federal habeas relief, he needs to open **a new habeas case** by paying the filing fee (or filing an in forma pauperis application) and filing a new petition.[2]

---

[2] The Court makes no statements whether a new federal habeas corpus action would be subject to procedural defenses, and Short remains responsible for calculating his federal statute of limitations.

**III.    Conclusion**

**IT IS THEREFORE ORDERED** that the Motion to Reopen **[ECF No. 13] is DENIED**.

**IT IS FURTHER ORDERED** that the Complaint **[ECF No. 14] IS DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that, to the extent necessary, a Certificate of Appealability is denied.

**DATED:** April 29, 2025

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**